IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

GREGORY A. CHAYET,
an individual,

        Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,
a foreign limited partnership,

        Defendant.
_____/

Case No.: 11-273 CO54

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, GREGORY A. CHAYET ("Plaintiff"), by and through the undersigned counsel, and sues Defendant, GC SERVICES LIMITED PARTNERSHIP ("Defendant") alleges:

### PRELIMINARY STATEMENT

This is an action for actual and statutory damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter the "FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et. seq. (hereinafter the "FDCPA").

### JURISDICTION & VENUE

1. This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statute § 559.77 and 15 U.S.C. §1692k(d).

3. At all material times herein, the conduct of the Defendant, complained of

below, occurred in Pinellas County, Florida.

4. At all times herein, the Plaintiff is an individual residing in Pinellas County, Florida.

5. Defendant is a foreign limited partnership that regularly engages in its usual and customary business in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. At all times herein, the Defendant was a "debt collector" as defined by Florida Statute §559.55. Specifically, the Defendant attempts to collect a debt, (hereinafter "the Debt").

7. At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

8. At all times herein, the Defendant is a "person" pursuant to Florida Statute §559.72. *See* Schauer v. General Motors Acceptance Corp., 819 So. 2d 809 (Fla. 4th DCA 2002).

9. At all times herein, Defendant, was a "debt collector" as defined by 15 U.S.C. § 1692a(6). Specifically, the Defendant regularly uses interstate mails and places interstate telephone calls while engaging in a business the principal purpose of which is the collection of debts.

10. At all times herein, the Defendant acted through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

11. The Plaintiff retained Leavengood & Nash (hereinafter "Undersigned Counsel") on or about September 14, 2009, with regard to his debts generally, including

the Debt.

12. All conditions precedent to the filing of the action occurred or have been waived by the Defendant.

13. On or before October 7, 2009, Plaintiff notified Defendant of Undersigned Counsel's representation with regard to the Debt and provided Undersigned Counsel's contact information.

14. On or about October 7, 2009, Defendant telephoned Undersigned Counsel's office to verify representation of Plaintiff with regard to the Debt, which was verified.

15. On or about January 26, 2010, despite having notice of Undersigned Counsel's representation with regard to the Debt, Defendant mailed a collection letter to Plaintiff ("First Collection Letter") in an attempt to collect the Debt. Please see attached a true and correct copy of the First Collection Letter labeled Exhibit "A."

16. On or about February 15, 2010, despite having notice of Undersigned Counsel's representation with regard to the Debt, Defendant mailed a collection letter to Plaintiff ("Second Collection Letter") in an attempt to collect the Debt. Please see attached a true and correct copy of the Second Collection Letter labeled Exhibit "B."

17. On or about March 11, 2010, despite having notice of Undersigned Counsel's representation with regard to the Debt, Defendant mailed a collection letter to Plaintiff ("Third Collection Letter") in an attempt to collect the Debt. Please see attached a true and correct copy of the Third Collection Letter labeled Exhibit "C."

18. Despite having received verification of Undersigned Counsel's representation of Plaintiff with regard to the Debt, Defendant repeatedly communicated

with Plaintiff in an attempt to collect the Debt.

19. The Plaintiff has retained Leavengood & Nash, P.A. for the purpose of pursuing this matter against the Defendant and is obligated to pay his attorneys a reasonable fee for their services.

20. Florida Statute Section 559.77 provides for the award of up to $1,000.00 statutory damages plus actual damages, and an award of attorneys' fees and costs to the Plaintiff should the Plaintiff prevail in this matter Defendant.

21. United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages plus actual damages, punitive damages and an award of attorneys' fees to the Plaintiff should the Plaintiff prevail in this matter Defendant.

22. As of the date of this complaint, the Defendant have not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, the Defendant.

## COUNT ONE:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE § 559.72(18)

23. The Plaintiff re-alleges paragraphs one (1) through twenty-two (22) as if fully restated herein and further states as follows:

24. The Defendant is subject to, and has violated the provisions of, Florida Statute § 559.72(18) by intentionally and repeatedly communicating with the Plaintiff, after being given actual notice that she was represented by counsel with regard to the underlying debt.

25. Specifically, Defendant sent three collection letters to Plaintiff and

continually telephone Plaintiff in an attempt to collect the Debt despite having knowledge of Undersigned Counsel's representation.

26. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for damages, costs, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT TWO:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. §1692b(6) and U.S.C. §1692c(2)

27. The Plaintiff re-alleges paragraphs one (1) through twenty-two (22) as if fully restated herein and further states as follows:

28. The Defendant is subject to and has violated the provisions of 15 U.S.C. 1692b(6) and 15 U.S.C. 1692c(2) by knowingly and intentionally communicating with the Plaintiff after being given actual notice that the Plaintiff was represented by an attorney with regard to the Debt and did not communicate with undersigned counsel with regard to the Debt.

29. Specifically, Defendant sent three collection letters to Plaintiff and continually telephone Plaintiff in an attempt to collect the Debt despite having knowledge of Undersigned Counsel's representation with regard to the Debt.

30. As a direct and approximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692k.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

31.  Plaintiff hereby demands a trial by jury on all issues triable by right.

                              Respectfully Submitted,

                              **LEAVENGOOD & NASH**

                              */s/ Ian R. Leavengood*
                              Ian R. Leavengood, Esq., **FBN 10167**
                              **Heather M. Fleming, Esq., FBN 25971**
                              2958 First Avenue North
                              St. Petersburg, FL 33713
                              Phone:  (727) 327-3328
                              Fax: (727) 327-3305
                              ileavengood@leavenlaw.com
                              hfleming@leavenlaw.com
                              Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
                                 )
COUNTY OF PINELLAS )

Plaintiff GREGORY A. CHAYET, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
GREGORY A. CHAYET

Subscribed and sworn to before me this 7 day of Jan, 2010. 2011

_____
Notary Public

My Commission Expires:

Proof of I.D.: Drivers license



ASHLEY R. PATRICK
MY COMMISSION # EE048638
EXPIRES December 13, 2014